Steven J. Moser
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY  11743
Tel: 516-671-1150
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| Juan Carlos Umana Reyes, | |
|---|---|
| Plaintiffs, | Case No. 20-cv-4534 |
| -*against*- | **COMPLAINT** |
| Marcel's, Ltd. d/b/a Locust Valley Inn and Marcel Kilbertus, | |
| Defendants. | |

Plaintiff Juan Carlos Umana Reyes his attorneys, the Moser Law Firm, P.C., hereby files this complaint against Marcel's Ltd. d/b/a Locust Valley Inn and Marcel Kilbertus, and alleges as follows:

JURISDICTION AND VENUE

1. This action is brought to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various violations of the New York Labor Law ("NYLL"), including overtime, spread of hours, wage statement, wage notice and frequency of pay violations.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 261(a)(2), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred

1

within the Eastern District.

## PARTIES

*Plaintiff*

4. Plaintiff Juan Carlos Umana Reyes is a natural person who resides in Suffolk County, New York.

*Corporate Defendant*

5. Defendant Marcel's, Ltd. is a domestic corporation incorporated under the laws of the State of New York.

6. Defendant Marcel's, Ltd. maintains a principal place of business at 225 Birch Hill Rd, Locust Valley, NY 11560.

*Individual Defendant*

7. Defendant Marcel Kilbertus is a natural person who resides in Nassau County, New York.

8. Upon information and belief, Defendant Marcel Kilbertus (Kilbertus), at all times relevant, was a shareholder of Marcel's, Ltd.

9. Upon information and belief, Defendant Kilbertus had the power to hire and fire the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of his pay, and maintained records of his employment.

10. Upon information and belief, Defendant Kilbertus exercised sufficient operational control over Marcel's, Ltd. to be deemed Plaintiff's employer.

## FACTUAL ALLEGATIONS

11. At relevant times, Defendant Marcel's, Ltd. was an employer as defined under the FLSA and NYLL.

12. At relevant times, Defendant Kilbertus was an employer as defined under the FLSA

and NYLL.

13. At all relevant times, Defendant Marcel's, Ltd. has been an entity engaged in commerce as defined by the FLSA. 29 U.S.C. §§ 201 et seq.

14. For the calendar year 2016, Marcel's, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

15. For the calendar year 2017, Marcel's, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

16. For the calendar year 2018, Marcel's, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

17. For the calendar year 2019, Marcel's, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

18. For the calendar year 2020, Marcel's, Ltd. had an annual dollar volume of sales or business done of at least $500,000.

19. At all relevant times, Marcel's, Ltd. operated an eating or drinking place that prepared and offered food or beverages for human consumption on its premises.

20. At all relevant times, Marcel's, Ltd. did business as the Locust Valley Inn.

21. At all relevant times, Juan Carlos Umana Reyes was an employee of and employed by the Defendants under the FLSA and NYLL.

22. More specifically, Mr. Umana Reyes was employed by Defendants from on or about November 2016 until March 8, 2020.

23. Mr. Umana Reyes worked six days per week.

24. Mr. Umana Reyes's regular working hours were from 12 am to 9:30 pm on Monday, 11 am to 9:30 pm on Wednesday, 11 am to 9:30 pm on Thursday, 11 am to 10:30 pm on Friday, 11 am to 10:30 pm on Saturday, and from and 11 am to pm to 9 pm on Sunday.

25. Mr. Umana Reyes took a one-hour lunch break each day.

26. On virtually every week during his employment with the defendants, Mr. Umana Reyes worked at least the regularly scheduled hours (57.5 hours).

27. Mr. Umana Reyes worked as a cook.

28. Defendants failed to pay Mr. Umana Reyes an hourly rate of pay.

29. From on or about November 2016 until on or about March 8, 2020, Defendants paid Mr. Umana Reyes $400.00 each week in cash.

30. From November 2016 until on or about February 2, 2020, in addition to the cash wages, Defendants paid Mr. Umana Reyes $400 by check bi-weekly (every other week).

31. From February 3, 2020 until March 8, 2020, in addition to the cash wages, Defendants paid Mr. Umana Reyes $600 by check bi-weekly (every other week).

32. Mr. Umana Reyes never received overtime compensation for hours worked in excess of forty at one- and one-half times his regular rate of pay.

33. Mr. Umana Reyes was not given a wage notice at hiring or at any time subsequent to hiring.

34. Mr. Umana Reyes was never given a wage statement reflecting the cash wages paid to him.

35. The wage statements furnished to Mr. Umana Reyes with his checks were defective because, inter alia, the statements did not reflect the cash wages paid, and they did not list the regular or overtime hours worked.

36. Mr. Umana Reyes worked a spread of hours that exceeded ten approximately five days each week.

37. Mr. Umana Reyes was never paid the spread of hours premium.

FIRST COUNT

*Overtime Wages under the Fair Labor Standards Act 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

38. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

39. Defendants are each an employer within the meaning of 29 U.S.C. § 203(e).

40. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

41. Defendants were required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

42. Defendants failed to pay Plaintiff the overtime wages to which he was entitled.

43. Defendants willfully deprived the Plaintiff of the overtime wages to which he was entitled.

44. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies.

SECOND COUNT

*Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. (NYLL § 663 and N.Y. Compilation of Codes, Rules, and Regulations §§ 146-1.4)*

45. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

46. Defendants are each an employer under the NYLL.

47. Plaintiff is an employee under the NYLL.

48. Defendants were required to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

49. Defendants failed to pay Plaintiff the overtime wages to which he was entitled.

50. Defendants willfully deprived the Plaintiff of the overtime wages to which he was

entitled.

## THIRD COUNT

*Spread of Hours Premium under 12 NYCRR §§ 146-1.6*

51. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

52. Plaintiff was entitled to a spread of hours premium for each workday that the spread of hours exceeded ten.

53. Plaintiff regularly worked a spread of hours that exceeded ten.

54. Defendants failed to pay the Plaintiff spread-of-hours pay.

55. Defendants willfully deprived the Plaintiff the spread of hours pay to which he was entitled.

## FOURTH COUNT

*Wage Notice Violations under NYLL § 195(1) and 198*

56. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

57. NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring that contains inter alia, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

58. Defendants failed to furnish to the Plaintiff a wage notice as required by NYLL § 195.

## FIFTH COUNT

*Wage Statement Violations under NYLL §§ 195(3) and 198*

59. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

60. NYLL § 195(3) requires an employer furnish a wage statement with every wage payment that lists inter alia, the employee's name, address, and phone number, employer's name, dates covered by the payment, deductions, and net wages.

61. Defendants failed to provide a wage statement with each wage payment as required by NYLL § 195.

## SIXTH COUNT

*Frequency of pay and delayed payment of wages violations under NYLL § 191*

62. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

63. New York Labor Law § 191 requires manual workers to be "paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."

64. Plaintiff spent more than 25% of his working time engaged in "physical labor".

65. Defendants failed to pay the Plaintiff all of his wages weekly and not later than seven calendar days after the end of the week in which the wages were earned.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay under the NYLL and the FLSA;

B. An amount equal to unpaid overtime as liquidated damages under the FLSA and NYLL;

C. Unpaid spread of hours pay;

D. An amount to Spread of Hours Pay as liquidated damages under the NYLL;

E. Statutory damages for continuing violations of the wage notice provisions of NYLL § 195, up to a total of $5,000 per plaintiff;

F. Statutory damages for continuing violations of the wage statement

7

provisions of NYLL § 195, up to a total of $5,000 per plaintiff;

G. Liquidated damages for untimely payment of wages pursuant to NYLL §§ 191 and 198;

H. Reasonable attorney's fees and costs of the action;

I. Prejudgment interest; and

J. Such other relief as this Court shall deem just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand a trial by jury in this action of all issues so triable.

Dated: September 24, 2020

    Respectfully submitted,
    MOSER LAW FIRM, P.C.

    _____
    By: Steven John Moser
    5 E. Main Street
    Huntington, NY  11743
    (516) 671-1150
    smoser@moseremploymentlaw.com
    *Attorneys for Plaintiff*