631-824-0200
steven.moser@moserlawfirm.com

June 8, 2021

VIA ECF

Hon. Anne Y. Shields, USMJ
United State District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:     *Umana Reyes v. Marcel's, Ltd.,* 24-cv-4534 (AYS)

Dear Judge Shields:

I represent the Plaintiff Juan Carlos Umana Reyes ("Plaintiff") in the above-referenced FLSA/NYLL matter.  On May 19, 2021 the parties filed a consent to Jurisdiction by U.S. Magistrate Judge (ECF No. 9) and on May 20,  2021 the case was assigned to Your Honor for all purposes (ECF No. 10).

The Parties hereby jointly submit the attached Settlement Agreement for Court review.

### **Background**

Plaintiff commenced this action on September 24, 2020.   The complaint alleges six causes of action: (1) overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA"); (2) overtime under the Hospitality Industry Wage Order (12 NYCRR § 146-1.4); (3) spread of hours pay under 12 NYCRR § 146-1.6; (4) liquidated damages for wage notice violations under NYLL § 193(1); (4) liquidated damages for wage statement violations under NYLL §193(3); and liquidated damages for delayed wages under NYLL §§ 191 and 198.  *See* Complaint, Dkt. No. 1., ¶¶ 38-65.

Plaintiff was a chef who worked at Defendants' restaurant from on or about November 2016 until March 8, 2020. Complaint ¶ 22.  The FLSA claim alleges that the Plaintiff was paid a weekly salary and that he was not paid 1 ½ times his regular rate of pay for overtime hours worked. *See* Complaint, ¶¶ 26-32, 38-44.

The parties agreed early to mediate and extend the Defendants' time to answer the complaint.  On February 3, 2021, and again on March 8, 2021 the parties participated in mediation sessions with EDNY Panel Mediator Andrew Kimler, Esq.   During the second mediation session, the parties were able to reach a settlement in principle for the total sum of $65,000.00.


## Settlement

The Parties have agreed to resolve this action for the total sum of $65,000.00 to be paid in a lump sum within 10 days of Court approval and dismissal with prejudice.  (Settlement Agreement ¶ 10).  The settlement agreement does not break-down the distribution of the settlement.  However, one-third of the settlement amount ($21,666.67) shall be paid to Plaintiff's counsel as attorney's fees and costs.  The remainder of the settlement proceeds ($43,333.33) shall be paid to the Plaintiff.

## The Settlement is Fair and Comports with *Cheeks*

In Considering the fairness of a proposed settlement, Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

**The settlement amount is reasonable given the potential obstacles to recovery.**  The Plaintiff's damages calculations were based upon the Plaintiff's recollection.  The Defendants produced checks and a payroll spreadsheet which, according to the Defendants, showed that the Plaintiff had been paid for all regular hours at $15 per hour, and for all overtime hours at $22.50 per hour.  The plaintiff disputed the spreadsheet and, based upon his recollection, computed total overtime damages under both the NYLL and the FLSA to be $69,234.00, plus and additional amount as liquidated damages.  Applying the maximum statute of limitations under the FSLA (3 years, *see* 29 U.S.C. § 255), the Plaintiff's maximum potential damages under the FLSA were $50,728.00 in overtime, plus an additional amount as liquidated damages, for a total of $101,456.25.[1]  The $43,333.33 that Plaintiff will be receiving represents payment for 85% of FLSA overtime estimated to be owed, and approximately 43% of total FLSA overtime and liquidated damages combined.

The settlement is reasonable in light of the risks attendant with proving damages at trial.  Plaintiff intended on relying on the inadequacy of Defendant's payroll records to invoke the relaxed burden of proof under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 1192 (1946).  However, even though an employee may estimate damages based upon his recollection, the employer may come forward to "negative the reasonableness of the inference to be drawn from the employee's evidence" through *inter alia* challenging the credibility of the

---

[1] The settlement of NYLL claims does not require judicial scrutiny or approval.  *Yunda v. SAFI-G, Inc.*, No. 15 Civ. 8861 (HBP), 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017); *Abrar v. 7-Eleven, Inc.*, No. 14-cv-6315 (ADS) (AKT), 2016 U.S. Dist. LEXIS 50416, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016).  Therefore, for the purposes of this motion, the fairness inquiry focuses on the Plaintiff's potential recovery under the FLSA.



MOSER LAW FIRM, P.C.

_____

plaintiff. *Anderson*, 328 U.S. at 687, 66 S. Ct. at 1192  The fact finder may credit Defendants' testimony over Plaintiff's recollection and determine that "[Plaintiffs'] testimony did not sufficiently show the amount and extent of their claimed work." *Shanfa Li v. Chinatown Take-Out Inc.*, 812 F. App'x 49, 51 (2d Cir. 2020)*.*  The numer of overtime hours worked by Plaintiff is a question of fact.  *Magnoni v. Smith & Laquercia, L.L.P.*, 661 F. Supp. 2d 412, 417 (S.D.N.Y. 2009).

Here the Defendants disputed both the Plaintiffs dates of employment and the extent of his overtime hours worked and contended that employer records, the testimony of the employer, and testimony of Plaintiff's co-workers would contradict the Plaintiff's version of events.  In such circumstances, courts within the Second Circuit have approved recoveries equal to or less than that obtained by the Plaintiff in this case.  *Larrea v. FPC Coffees Realty Co.*, No. 15-CIV-1515 (RA), 2017 U.S. Dist. LEXIS 69166, at *4 (S.D.N.Y. May 5, 2017) (approving settlement equal to 43% of maximum recovery "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement."); *Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (approving settlement equal to 25% of maximum recovery because the lack of documentation and "conflicting witness support. . .make the amount of post-trial recovery uncertain.")

Furthermore, the corporate Defendant claimed an inability to pay due to the drastic impact that the novel Coronavirus, and corresponding shutdown, had on the restaurant.

**The settlement is also reasonable because the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses, and will eliminate litigation risks faced by the parties.**  Plaintiffs have serious concerns about collectability, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, L.L.C.*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 U.S. Dist. LEXIS 79757, at *10 (S.D.N.Y. June 20, 2016).  Restaurants have been especially hard hit by the Covid-19 pandemic.  If the case proceeds, Plaintiff is betting that (1) he will be able to establish employer liability against the individual defendant and (2) that any eventual judgment is collectible.  Resolving this case early eliminates the delay associated with protracted litigation and the risk that any eventual judgment will be uncollectible.

**The Agreement is the product of arm's-length bargaining between experienced counsel that took place following the exchange of relevant documents and under the supervision of an experienced mediator.** Thus, there is a presumption of fairness and no suggestion of fraud or collusion between the parties or their counsel. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (A "presumption of fairness, adequacy and reasonableness may attach to a settlement reached in an arm's length negotiations between experienced, capable counsel after meaningful discovery."). The involvement of an experienced mediator in crafting a settlement indicates that the negotiations leading to the settlement were procedurally fair. *See, e.g.,* F*leisher v. Phx. Life Ins. Co.,* No. 14-cv-8714 (CM), 2015 U.S. Dist.


LEXIS 121574, 2015 WL 10847814, at *1 (S.D.N.Y. Sept. 9, 2015) ("The extensive participation of an experienced mediator also reinforces that the Settlement Agreement is non-collusive.") (citations and internal quotation marks omitted); *Romero v. La. Revise Assocs., L.L.C.*, 58 F. Supp. 3d 411, 420 (S.D.N.Y. 2014) (highlighting involvement of experienced mediator in finding a presumption of procedural fairness); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 618 (S.D.N.Y. 2012) ("The involvement of Ruth D. Raisfeld, Esq., an experienced and well-known employment and class action mediator, is also a strong indicator of procedural fairness."); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (noting that a court-appointed mediator's involvement in pre-certification settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure) (citing *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1323 (2d Cir. 1990)).

**The Agreement also complies with the Second Circuit's decision in *Cheeks* as it contains neither an overbroad release nor a confidentiality provision.** *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824 (SIL), 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (finding that Cheeks highlighted the potential for abuse in settlements with overbroad general releases and confidentiality provisions).

<u>**Plaintiff's Attorneys' Fees are Fair and Reasonable**</u>

Plaintiff's counsel will receive $21,666.67 (one-third of the settlement amount).[2]

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Coleman v. DeFranco Pharm., Inc.*, No. 17 Civ. 8340 (HBP), 2018 U.S. Dist. LEXIS 129140, at *6 (S.D.N.Y. Aug. 1, 2018) (compiling cases); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc., 26*4 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and negotiations. The requested attorneys' fees in the Parties' settlement agreement are reasonable under the circumstances and Plaintiff has agreed to these fees in his retainer agreement. As a result, the fees should be approved.

---

[2] Defendants take no position on the reasonableness of Plaintiff's counsel fee.



## **Conclusion**

In full consideration of the issues presented in *Cheeks*, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.

Respectfully submitted

Steven John Moser

Encl.