UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Juan Carlos Umana Reyes,

                         Plaintiff,          Case No. 24-cv-4534 (AYS)

          -against-

Marcel's, Ltd. d/b/a Locust Valley Inn
and Marcel Kilbertus,

                         Defendants.

------------------------------------------------------------X

## SETTLEMENT AGREEMENT

This Settlement Agreement and Release (hereinafter "Agreement") is entered into between Juan Carlos Umana Reyes (hereinafter referred to as "Reyes") and Marcel's, Ltd. d/b/a Locust Valley Inn and Marcel Kilbertus, and each and every one of their present and former officers, shareholders, employees, agents, attorneys and all persons acting by, through, under or in concert with any of them (hereinafter all jointly and collectively referred to as "Marcel's") in settlement of any and all wage and hour disputes that exist or may exist between Reyes and Marcel's, including but not limited to, the above-captioned civil action bearing Case No. 24-cv-4534, presently pending before the United States District Court for the Eastern District of New York.

       1.       Both Reyes and Marcel's wish to resolve, once and forever, all wage and hour claims that Reyes may have against Marcel's in a manner that will obviate the need for further litigation of the above-cited action and that will preclude the bringing of other claims, causes, proceedings or actions by Reyes against Marcel's.

1

2. It is expressly understood that Marcel's has entered into this Agreement and the settlement it represents solely for the purpose of avoiding further expenses of litigation. The existence and execution of this Agreement shall not be considered as and does not constitute an admission by Marcel's of any liability or violation of any federal, state or local law, ordinance, rule or regulation, or of any duty whatsoever with respect to Reyes, whether based in statute, common law or otherwise, and Marcel's expressly denies any such liability or violation.

3. In consideration for Reyes' execution of this Agreement and in exchange for the promises, covenants and waivers set forth herein, Marcel's shall pay $65,000 to Reyes. The payment check will be made to the order of "Moser Law Firm, P.C., as Attorney for Juan Carlos Umana Reyes". This payment will be made within ten (10) business days after Reyes' counsel provides to Marcel's counsel the Court approval of this Agreement by the Stipulation and Order of Dismissal, which is attached hereto at Exhibit A.

4. Reyes acknowledges that the consideration provided to him in connection herewith is in addition to anything of value to which he is already entitled and that he would not receive said consideration but for his execution of this Agreement.

5. Reyes represents, warrants and acknowledges that Marcel's owes him no wages, commissions, bonuses, sick pay, personal leave pay, severance pay, 401(k) retirement pay, health insurance benefits or pay, life insurance benefits or pay, vacation pay or other compensation, benefits or payments or forms of remuneration of any kind or nature, other than that specifically provided for in this Agreement. In consideration of the payment described above in paragraph 3, and for other good and valuable consideration, which Reyes expressly acknowledges, Reyes, on his own behalf and on behalf of his heirs, executors, administrators, attorneys, representatives,

2

successors and assigns, hereby releases and forever discharges Marcel's (as that term is defined above) from all claims raised in the Lawsuit, including those arising under the Fair Labor Standards Act and/or the New York Labor Law. Plaintiff agrees that he is waiving all claims he has or could have asserted against Defendants under the Fair Labor Standards Act and New York Labor Law, including, but not limited to, claims for minimum wage, overtime, spread of hours, commissions, tips or gratuities, and all claims arising under the Wage Theft Prevention Act.

6. Reyes represents and warrants that he has the full power, capacity, and authority to enter into this Agreement and has not assigned, pledged, encumbered or in any manner conveyed all or any portion of the claims covered by the Agreement.

7. Moreover, Plaintiff understands and agrees that he may not reinstate the claims that Plaintiff brought in the Lawsuit, or use this Agreement as evidence in, or as the subject matter of, any future lawsuit or proceeding against Defendants, except in an action instituted by either party alleging a breach of this Agreement. Plaintiff further acknowledges and agrees that the Release is an essential and material term of this Agreement and that no settlement could have been reached by the Parties without this term. Reyes understands and agrees that if he breaches any of the promises he has made in paragraphs numbered 5 and 6 of this Agreement, he will be in material breach of this Agreement, as these provisions are a material element of Marcel's consideration for and inducement to enter into this Agreement.

8. The terms of this Agreement, including all facts, circumstances, statements and documents relating thereto, shall not be admissible or submitted as evidence in any litigation in any forum for any purpose other than to secure enforcement of the terms and conditions of the Agreement, except as otherwise provided herein.

9. The failure of Reyes or Marcel's to insist upon strict adherence to any term so this Agreement on any occasion shall not be considered a waiver thereof or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of the Agreement.

10. Reyes and Marcel's acknowledge that in executing this Agreement they have not relied on any statements, promises or representations made by another party or its agents, representatives or attorneys, except as specifically memorialized in this Agreement. This Agreement constitutes the complete agreement of the parties concerning the subject matter addressed in it and supersedes and cancels all other previous agreements or understandings between the parties. This Agreement cannot be modified or rescinded except upon the written consent of both Reyes and Marcel's.

11. If any provision or portion thereof contained in this Agreement is held to be invalid or unenforceable, the remainder of this Agreement will be considered severable, shall not be affected and shall remain in full force and effect. Specifically, the invalidity of any such provision shall have no effect upon, and shall not impair the enforceability of the release language set forth in paragraph 6. If a court of competent jurisdiction finds that the release language found in paragraph 6 is unenforceable, paragraph 6 shall be deemed to be rewritten to cure the defect and otherwise provide for the maximum terms of the release provisions in paragraph 6 as may be allowable by law.

12. Reyes expressly acknowledges, represents, and warrants that he has read this Agreement carefully or has had this Agreement translated carefully by a bilingual translator, that he fully understand the terms, conditions, and significance of this Agreement; that he has consulted with an Attorney concerning this Agreement; that he has had a full opportunity to review

this Agreement with an Attorney; that he understands that this Agreement has binding legal effect; and that he has executed this Agreement freely, knowingly and voluntarily.

By signing this Agreement below, the parties indicated hereunder agree to and accept the provisions contained herein.

AGREED:

_____  
Juan Carlos Umana Reyes

04-29-21  
Dated

STATE OF NEW YORK)  
COUNTY OF __SUFFOLK__ ) ss.:

On this __29__ day of __APRIL__, 2021, before me personally came Juan Carlos Umana Reyes, to me known to be the individual described in the foregoing instrument, who executed the foregoing instrument in my presence, and who duly acknowledged to me that he executed the same.

_____  
Notary Public, STATE OF NEW YORK

[Notary seal: STEVEN R. MOSER, NOTARY PUBLIC, STATE OF NEW YORK, NO. 02MO6246283, QUALIFIED IN NASSAU COUNTY, COMM. EXP. 04/30/20]

AGREED:

Marcel's, Ltd. d/b/a Locust Valley Inn

_____                    _____  
By:   Marcel Kilbertus                                                     Dated  
Title: President

5

AGREED:

_/s/ Marcel Kilbertus_ _____
Marcel Kilbertus                                    Dated

STATE OF NEW YORK )
COUNTY OF NASSAU ) ss.:

On this _14_ day of _MAY_, 2021, before me personally came ~~Juan Carlos Umana Reyes~~ Marcel Kilbertus, to me known to be the individual described in the foregoing instrument, who executed the foregoing instrument in my presence, and who duly acknowledged to me that he executed the same.

_Anne M Krpata_
Notary Public

ANNE M. KRPATA
Notary Public, State of New York
No. #01KR4672019
Qualified in Nassau County
Commission Expires 8/31/22

6